IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE VARGAS, | |
| Plaintiff, | CIVIL NO. 10-4314(NLH)(JS) |
| v. | OPINION |
| PIRAMAL GLASS LTD., PIRAMAL GLASS USA INC., JAMES G. MOORE and DEAN HARDING, | |
| Defendants. | |

**APPEARANCES:**

KEITH T. SMITH
23 MARSH ROAD
EGG HARBOR, NJ 08234

    On behalf of plaintiff

ARTHUR J. MURRAY
JACOBS & BARBONE, PA
1125 PACIFIC AVENUE
ATLANTIC CITY, NJ 08401

    On behalf of defendants

**HILLMAN**, District Judge

    This matter has come before the Court on defendants' motion for summary judgment on plaintiff's claims that defendants violated his rights under the New Jersey Law Against Discrimination. Plaintiff contends he was terminated from employment due to his age. For the reasons set forth below, defendants' motion will be granted.

**BACKGROUND**

    Plaintiff, Jamie Vargas, began working for defendant Piramal

Glass's predecessor, The Glass Group, in Mays Landing, New Jersey in 1978, and he continued his employment with defendant when it purchased the Mays Landing facility in 2005.  Plaintiff started as a utility worker, and eventually became a machine operator.  By late 2008, economic conditions required defendant to implement a reduction in force (RIF) at the Mays Landing facility.  On May 15, 2009, thirty employees were laid-off, including plaintiff.

The month before, however, three positions became available at defendant's Williamstown, New Jersey facility.  One of those positions was a setup mechanic, which was a job similar to the machine operator position at the Mays Landing facility.  The other two positions were in the maintenance department.  Plaintiff and three other machine operators were considered for the one setup mechanic position in Williamstown.  Defendants James Moore, Vice-Present of Supply Chain and Decorating Operations, and Dean Harding, the human resources manager, met with three key managers at the Mays Landing facility to determine whom to hire for those three positions in Williamstown.  Migdael Molina, who was 39 years old, was awarded the setup mechanic position.  Two other employees, aged 54 and 56, were offered the maintenance department jobs.

Plaintiff, who was 51 years old at the time of the layoff, claims that defendants discriminated against him because of his

age, and violated the New Jersey Law Against Discrimination[1], when they did not hire him for the setup mechanic position and was ultimately terminated from employment due to the RIF. Defendants have moved for summary judgment in their favor, arguing that plaintiff has failed to support his claim. Plaintiff has opposed defendants' motion.[2]

## DISCUSSION

### I. Jurisdiction

When defendant removed plaintiff's complaint to this Court, the complaint contained both federal and state claims. As a result, this Court had jurisdiction over plaintiff's federal claims

---

[1] In his opposition to defendants' motion, plaintiff appears to raise for the first time a claim relating to allegations of retaliatory discharge for plaintiff's testimony as a witness in another employee's union grievance for her wrongful discharge. This singular allegation was not pleaded in his complaint. In his opposition papers, plaintiff provides no evidence to show when or where he provided such testimony, and how that testimony is related to his layoff. Consequently, the Court will not consider such a claim, and it will not permit plaintiff to amend his complaint to add this claim because at this summary judgment stage, plaintiff has not provided any evidence to support such a claim. See Surgick v. Cirella, 2010 WL 2539418, *4 n.8  (D.N.J. 2010) (citing Ranke v. Sanofi–Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006)) (explaining that insufficiencies in plaintiffs' claims as pled cannot be cured by a brief or other documents submitted in opposition to defendants' motions).

[2] In his complaint, plaintiff also asserted claims relating to his union collective bargaining agreement. Defendants moved for the dismissal of those claims because they are preempted by Section 301 of the Labor Management Relations Act, and because they are time-barred. Plaintiff has conceded or otherwise failed to refute these arguments. Consequently, the Court will grant judgment in defendants' favor on those claims.

under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(a), which provides in relevant part, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

As noted above, in her opposition to defendant's motion for summary judgment, plaintiff did not oppose the entry of judgment in defendant's favor on his federal claim.  Even though the Court "may decline to exercise supplemental jurisdiction" when the court "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c), the Court has chosen to continue exercising its supplemental jurisdiction to resolve the remaining state law claim.  At this stage in the case, where there has been a full period of discovery and a fully briefed summary judgment motion pending, and where the state law claim is part of the same case and controversy as the now-dismissed federal claim, judicial economy, convenience and fairness to the litigants weigh in favor of maintaining supplemental jurisdiction in this case.  See Kach v. Hose, 589 F.3d 626, 650 (3d Cir.  2009) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966) (other citations omitted)) (explaining that the "decision to retain or decline

jurisdiction over state-law claims is discretionary," but that "discretion, however, is not unbridled," and it "should be based on considerations of 'judicial economy, convenience and fairness to the litigants'"); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").[3]

## II.  Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that

---

[3]The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011), amended 28 U.S.C. § 1441(c), and now requires that a district court remand unrelated state law matters that were removed along with federal claims.  The amendment does not affect this case because it is only applicable to actions commenced after January 6, 2012. Moreover, even if it were applicable, plaintiff's state law claims form part of the same case or controversy as her federal claims, and thus remand of the state claims would not be required.

5

a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**III. Analysis**

Plaintiff contends that defendants discriminated against him

6

because of his age when he was terminated. In order to successfully assert a prima facie claim of age discrimination under the NJLAD, plaintiff must show that: he (1) belongs to a protected class; (2) applied for or held a position for which he was objectively qualified; (3) was not hired or was terminated from that position; and (4) the employer sought to, or did fill the position with a similarly-qualified person. Gerety v. Atlantic City Hilton Casino Resort, 877 A.2d 1233, 1237 (N.J. 2005). In the case of age discrimination, the fourth element "require[s] a showing that the plaintiff was replaced with a candidate sufficiently younger to permit an inference of age discrimination." Nini v. Mercer County Community College, 968 A.2d 739, 743 (N.J. Super. Ct. App. Div. 2009) (citing Zive v. Stanley Roberts, Inc., 867 A.2d 1133 (N.J. 2005)). If plaintiff can establish a prima facie case, the burden of production then "shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's action." Id. (citation omitted). If the employer provides such a reason, plaintiff must show that the reason "was merely a pretext for discrimination." Id. (citation omitted).[4]

---

[4] Even though plaintiff has not brought claims pursuant to the federal Age Discrimination Employment Act, it is worth noting that while the standard for analyzing claims under the ADEA has changed from the mixed-motive burden shifting analysis to a but-for causation requirement where there are allegations of direct evidence, that standard has not been applied to NJLAD claims. Harth v. Daler-Rowney USA Ltd., 2012 WL 893095, *3 (D.N.J. March 15, 2012) (citing Geltzer v. Virtua W. Jersey Health Sys., 804 F. Supp. 2d 241, 250 (D.N.J. 2011)).

Here, plaintiff has established a prima facie case: he was 51 years old; he was objectively qualified for the setup mechanic position;[5] he was not hired for that position; and the person who was hired was 12 years younger.  Plaintiff, however, cannot meet his burden, beyond this prima facie showing, to demonstrate that his age "played a role in the decision making process," and that it had a "determinative influence on the outcome of that process." Bergen Commercial Bank v. Sisler, 723 A.2d 944, 953 (N.J. 1999).

Defendants have explained their reasons for not choosing plaintiff for the setup mechanic position in Williamstown: (1) plaintiff's supervisors did not recommend him for the job because, for the previous few years, he was only performing the bare minimum requirements of his mechanics job, his attitude was "horrible," and he lacked the initiative and flexibility to perform the duties of the setup job; (2) he had been disciplined for sleeping on the job and for poor attendance; (3) he had been terminated from employment with defendant twice before for misconduct, and had been reinstated only after agreeing to be placed on permanent disciplinary probation; (4) the person they chose for the job, Mr. Molina,

---

[5]In articulating their legitimate business reasons for not offering the setup mechanic position to plaintiff, defendants relate plaintiff's work history and performance issues. Defendants also point out that the new position required additional skills beyond plaintiff's machine operator job.  These arguments could refute the second prong of plaintiff's prima facie case, but defendants assume for the sake of summary judgment that plaintiff has established his prima facie case.

consistently went "above and beyond" the demands of his job, including performing extra work to make sure the facility ran smoothly, he had never been terminated, and he was not on probation at the time he was offered the setup mechanic position.

In response to defendants' legitimate nondiscriminatory reason for not offering the new position to him, plaintiff argues that those reasons were a pretext, and his age was the true reason they selected Mr. Molina over him.  To support his theory, plaintiff contends: (1) Mr. Molina really did not go "above and beyond," he was disciplined in 1993 for sleeping on the job, and he was the cousin of one of the supervisors[6]; (2) plaintiff received service awards in 2000; (3) he had more seniority than Mr. Molina, and defendant was required to hire the more senior person pursuant to the Mays Landing CBA; (4) he was denied two previous requests to transfer to the Williamstown facility; (5) a female co-worker in a different department with different managers had complained in the past about sex discrimination; (6) his former manager, who was 16 years older than plaintiff, and who retired in January 2008, more than a year before the RIF was implemented, said to plaintiff that he was "fat and old and she was going to put him out the door," and she hit him on the head with a rolled-up newspaper.

---

[6] While it is not dispositive and we do not rely on it, we note that the contention that Mr. Molina was hired because of the familial relationship with a decisionmaker actually undermines any claim that plaintiff was not hired because of his age.

Plaintiff's proof is insufficient for a factfinder to conclude that plaintiff's age made a difference in defendants' decision to not offer him the setup mechanic position.  Sisler, 723 A.2d at 955.  Other than one remark regarding plaintiff's age by his former supervisor that she said at some point more than a year before plaintiff was denied the job, and the fact that Mr. Molina was 12 years younger than plaintiff, plaintiff has not provided any other evidence--direct or circumstantial--to show that his age had any bearing on the setup mechanic hiring decision.[7]  Moreover, any allegations regarding the requirement to offer plaintiff the job simply because he had more seniority than Mr. Molina is irrelevant, as the Mays Landing CBA did not apply to the Williamstown facility, and defendants' obligations under the CBA are a separate consideration from the NJLAD analysis.

Despite plaintiff's disagreement with his supervisors' assessment of his capabilities as compared to Mr. Molina's, there

---

[7] Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring) (noting that stray remarks in the workplace, unrelated to decisional process, not sufficiently direct evidence of discrimination to "justify requiring [an] employer to prove that its hiring or promotion decisions were based on legitimate criteria"); Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992) ("Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight . . . ."); Bergen Commercial Bank v. Sisler, 723 A.2d 944, 955 (N.J. 1999) ("Although the burden of production shifts throughout the process, the employee at all phases retains the burden of proof that the adverse employment action was caused by purposeful or intentional discrimination.").

is nothing in the record that shows that defendants exhibited hostility towards plaintiff's age.  Fuentes v. Perskie, 32 F.3d 759, 756 (3d Cir. 1994) (stating that a "plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent").[8]  Consequently, plaintiff's claim for age discrimination in violation of the NJLAD fails, and summary judgment must be entered in defendants' favor.

## CONCLUSION

For the foregoing reasons, defendants are entitled to summary

---

[8] In his opposition, plaintiff argues that he has established a "cat's paw" case of age discrimination.  "The term 'cat's paw' derives from a fable conceived by Aesop, put into verse by La Fontaine in 1679, and injected into United States employment discrimination law by [Judge] Posner in 1990."  Staub v. Proctor Hosp., 131 S. Ct. 1186, 1190 n.1 (2011) (citing Shager v. Upjohn Co., 913 F.2d 398, 405 (7th Cir. 1990)).  In a "cat's paw" case, a plaintiff seeks "to hold his employer liable for the animus of a supervisor who was not charged with making the ultimate employment decision."  Staub, 131 S. Ct. at 1190.  To succeed on such a case, a plaintiff must show that the nondecisionmaker exercised such "singular influence" over the decisionmaker that the decision to terminate was the product of "blind reliance."  Id. (citation omitted).  Plaintiff has provided no evidence to support a "cat's paw" claim.  See Greenawalt v. Clarion County, 2012 WL 256045, *3 (3d Cir. Jan. 30, 2012) (citing Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 286 (3d Cir. 2001)(explaining that a plaintiff may proceed on a "cat's paw" theory if he offers evidence that "those exhibiting discriminatory animus influenced or participated in the decision to terminate" him).

11

judgment in their favor on all of plaintiff's claims against them. An appropriate Order will be entered.


Date: June 27, 2012                     s/ Noel L. Hillman
                                      NOEL L. HILLMAN, U.S.D.J.


At Camden, New Jersey